IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
              v.                  )      CR. NO. 3:05CR226-F
                                  )
LEVI MADDOX                       )

## PLEA AGREEMENT

DEFENSE COUNSEL:            CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:   VERNE H. SPEIRS

## COUNT AND STATUTE CHARGED:

Count 1        18 U.S.C. § 922(g)(1)
               Felon In Possession Of A Firearm

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1        18 U.S.C. § 922(g)(1)

## PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1        18 U.S.C. § 922(g)(1)
               NMT 10Y or
               NMT $250,000 or both;
               NMT 3Y SUP REL;
               $100 AF;
               VWPA.

## ELEMENTS OF THE OFFENSE:

   18 U.S.C. § 922(g)(1)

   First:      The defendant knowingly possessed a firearm or
               ammunition in or affecting interstate commerce, as
               charged; and

   Second:     Before the defendant possessed the firearm or
               ammunition, the defendant had been convicted in a
               court of a crime punishable by imprisonment for a
               term in excess of one year, that is, a felony
               offense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne H. Speirs, Assistant United States Attorney and Christine Freeman, attorney for the defendant, pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.  The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of the Indictment, the attorney for the Government will do the following:

a.   The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.  Should the Government find the defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if Defendant

otherwise qualifies, the Government will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

      b.   The government will agree that the United States District Court of the Middle District of Alabama has the discretion to sentence the defendant at the low-end of the applicable guideline level as determined by the United States Probation Office, Middle District of Alabama.

    2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

    3. The defendant agrees to the following:

      a.   To plead guilty to Count 1 of the Indictment.

      b.   To forfeit all firearms in his possession.

      c.   Not commit any State, local or federal offenses.

## FACTUAL BASIS

On or about August 26, 2004, in Lee County, within the Middle District of Alabama, LEVI MADDOX, defendant herein, having been convicted of the following felonies, all crimes punishable

by imprisonment for a term exceeding one year under the laws of
the State of Alabama, to-wit:

> 1)   January 17, 2001, Burglary Third Degree, in the
>      Circuit Court of Russell County, Alabama, CC 00-
>      680;
>
> 2)   January 14, 2003, Theft of Property First Degree,
>      in the Circuit Court of Russell County, Alabama,
>      CC 02-722;

did knowingly possess in and affecting commerce a firearm,
to-wit: a Beretta, Model 21A , .22 caliber long rifle pistol,
serial number BBS48533U.

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

4.   The defendant, before entering a plea of guilty to
Count 1 of the Indictment as provided for herein by said Plea
Agreement, advises the Court that:

a.   The discussions between the attorney for the
government and the attorney for the defendant towards reaching an
agreed plea in this case have taken place with the defendant's
authorization and consent.

b.   Defendant acknowledges that a breach of this
federal plea agreement will not entitle him to withdraw his
guilty plea in this case.  Defendant understands and acknowledges
that defendant's guilty plea will remain in full force and effect
upon any breach of this agreement by the defendant.

c.   The defendant further understands that,
pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to

4

be paid by the defendant on the date of sentencing.  The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

        d.  The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

        e.  The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

        f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further

understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g.  The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.  The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h.  The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i.  The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the Court.

j.  The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to

the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant.  However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

       k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

       5.  The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended.  The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea

of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

6.   The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court.  The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history.  The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This _17th_ day of November, 2005.


                        Respectfully submitted,

                        LEURA G. CANARY
                        UNITED STATES ATTORNEY



                        _____
                        Louis V. Franklin, Sr.
                        Criminal Chief

                        _____
                        Verne H. Speirs
                        Assistant United States Attorney
                        One Court Square
                        Suite 201
                        Montgomery, Alabama 36104


     **I have read the foregoing Plea Agreement, understand
the same, and the matters and facts set forth therein accurately
and correctly state the representations that have been made to me
and accurately set forth the conditions of the Plea Agreement
that has been reached.**

          **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I
AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE
"FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I
AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND
REPRESENTATION FROM MY DEFENSE COUNSEL,_____.**


                              9

_____
LEVI MADDOX/DEFENDANT

11/15/05
_____
Date

_____
CHRISTINE FREEMAN
Attorney for the Defendant

11/15/05
_____
Date

10